**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMCO INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-CV-989 |
| | (JUDGE CAPUTO) |
| DANIELLE BERRY, individually, and as ADMINISTATRIX OF THE ESTATE OF JAMES BERRY, STEPHEN BODNAR, individually and t/d/b/a STEPHEN BODNAR MASONRY and BODNAROSA CAMPGROUND, LLC | |
| Defendants. | |

## MEMORANDUM

Defendant Danielle Berry moves to dismiss plaintiff Amco's complaint. Danielle Berry has sued Stephen Bodnar in state court over the death of her husband, James Berry. She alleges he died after a trench improperly maintained by Bodnar's company collapsed. Amco, Bodnar's insurer, seeks a declaratory judgment that James Berry's death is not covered under the policy's employee injury exclusions. Danielle Berry argues the Court should not exercise jurisdiction over this suit because it only concerns insurance coverage, a matter of state law. The Court agrees and will grant the motion.

## BACKGROUND

Danielle Berry filed the underlying action in the Luzerne County Court of Common Pleas in the fall of 2010. Danielle Berry alleges Bodnar hired James Berry to assist Stephen Bodnar Masonry with the excavating a utility ditch for a campground project being developed by Bodnarosa Motel and Campground. At the time, Bodnar was the principal of both companies. On April 10, 2010, James Berry was killed when the ditch collapsed.

Danielle Berry alleges Bodnar improperly designed and maintained the ditch and brings claims for negligence (count I); wrongful death (count II); and loss of consortium (count IV). Danielle Berry also asserts a survival action (count III).

Amco issued a commercial general liability policy to Bodnar, d/b/a Stephen Bodnar Masonry, and Bodnarosa Motel and Campground which was in effect on April 2, 2010. Amco is currently defending Stephen Bodnar Masonry in the underlying action under a strict reservation of rights.  Amco claims the terms of the policy do not provide defense or indemnity coverage to Stephen Bodnar Masonry or Bodnarosa Motel and Campground for Danielle Berry's claims because bodily injury to employees, contractors, volunteers, and workers is excluded from coverage and, under the policy, James Berry was an employee. Amco also argues the policy does not cover James Berry's medical costs because the policy specifically bars coverage for medical expenses for bodily injury to persons hired to do work for the insured.

Amco filed a complaint in February, seeking declaratory judgment that it has no duty to defend or indemnify Bodnar Masonry or Bodnarosa with respect to Danielle Berry's claims in the underlying action.  Danielle Berry then filed a motion to dismiss, arguing that the Court should not exercise jurisdiction under the Declaratory Judgment Act because this suit only concerns questions of state law.  The motion has been briefed and is ripe for review.         .

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a

2

plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); see also *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; see also *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

The Court will grant the motion and will not exercise jurisdiction over this action.

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Court further explained that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (internal quotations omitted) (citations omitted).

The Third Circuit has concluded that a court's decision whether to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 133 (3d Cir.2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Id.* at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." *Id.* A court may sua

sponte exercise its discretion not to hear a case under the Declaratory Judgment Act. *Id.* at 136.

Further, it is well established that "'federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law.'" *Dixon v. Progressive N. Ins. Co.*, No. 02:08-CV-1010, 2008 WL 4072816, at * 1 (W.D.Pa. Aug.27, 2008) (quoting *Atlantic Mut. Ins. Co. v. Gula*, No. 02-4160, 2003 WL 22962947, *2 (3d Cir. Dec.17, 2003) (citing *Summy*, 234 F.3d at134-35)). Although this Court "wield[s] broad and selective discretion in determining whether to entertain a declaratory judgment action," *James ex rel. James v. Richman*, 465 F.Supp.2d 395, 407-08 (M.D.Pa. 2006) (quoting *Canal Ins. Co. v. Paul Cox Trucking*, No. 1:05-CV-2194, 2006 WL 2828755, at *2 (M.D.Pa. Oct.2, 2006)) (internal quotations omitted), the court's discretion is not unfettered. Jurisdiction should be granted when the court is faced with issues of "federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceedings." Summy, 234 F.3d at 134.

None of these issues is now before the Court. Amco's complaint does not raise a single federal question. It deals solely with insurance coverage under state law. In its brief opposing the motion to dismiss, Amco argues that Danielle Berry has implicated federal statutory interpretation in alleging the design and maintenance of the utility ditch violated federal regulations. However, these allegations are immaterial to Amco's complaint. They would also be extraneous to the Court's determination whether to enter declaratory judgment for Amco. Therefore, the Court will not exercise jurisdiction over this suit.

## CONCLUSION

The Court will grant Danielle Berry's motion to dismiss.  The Court employs its discretion to decline exercising jurisdiction under the Declaratory Judgment Act because Amco's complaint involves only questions of state law.

An appropriate order follows.

| | |
|---|---|
| 8/4/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMCO INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIELLE BERRY, individually, and as ADMINISTATRIX OF THE ESTATE OF JAMES BERRY, STEPHEN BODNAR, individually and t/d/b/a STEPHEN BODNAR MASONRY and BODNAROSA CAMPGROUND, LLC<br><br>    Defendants. | CIVIL ACTION NO. 3:11-CV-989<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this ___4th___ day of August, 2011, **IT IS HEREBY ORDERED** that defendant Danielle Berry's motion to dismiss (Doc. 2) is **GRANTED**. The Clerk of Court is directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge